**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2913-22

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

ALEXEIS BEJERANO,

     Defendant-Appellant.

_____

Submitted June 3, 2024 – Decided July 5, 2024

Before Judges Berdote Byrne and Bishop-Thompson.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 05-02-0225.

Michael J. Pastacaldi LLC, attorneys for appellant (Michael J. Pastacaldi, on the briefs).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Patrick F. Galdieri, II, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order of May 12, 2023 denying his petition for post-conviction relief (PCR) without an evidentiary hearing, after the trial judge ruled his petition was procedurally time-barred and issued an order denying his motion to withdraw his guilty plea. We affirm for the reasons expressed by the Honorable Maureen B. Mantineo in her well-reasoned oral opinion. We add the following comments.

I.

Defendant was indicted in February 2005 on one count of first-degree distribution of a controlled dangerous substance (CDS), one count of second-degree distribution of a CDS, two counts of third-degree distribution of a CDS within 1000 feet of school property, and one count of third-degree unlawful possession of a loaded shotgun. On June 8, 2005, he pleaded guilty to first-degree possession of a CDS, and the State recommended a ten-year prison term with a twenty-seven-month parole disqualifier.

Defendant was sentenced consistent with the plea agreement on October 13, 2005. He claims he reviewed question seventeen on the plea form pertaining to the immigration consequences of his plea, but his trial counsel told him he had nothing to be concerned about because the United States does not deport to

2

Cuba. He does not dispute he was questioned by the trial judge at the plea hearing and stated he understood the deportation consequences.

After serving twenty-seven months, defendant was turned over to Immigration and Customs Enforcement (ICE), which held him for 180 days before releasing him on ICE supervision. In December 2022, he filed a petition for PCR, claiming ineffective assistance of counsel for failing to adequately advise him of immigration consequences and seeking to withdraw his guilty plea. The PCR judge denied both motions on May 12, 2023. This appeal followed.

II.

In reviewing a PCR petition, we afford deference to the PCR court's findings of fact, but our interpretation of the law is de novo. State v. Nash, 212 N.J. 518, 540-41 (2013). Pursuant to Strickland v. Washington, 466 U.S. 668 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 67 (1987), a defendant is entitled to PCR for ineffective assistance of counsel if he proves "[defendant's] counsel's performance was deficient," and counsel's "deficient performance prejudiced the defense." Id. at 52 (quoting Strickland, 466 U.S. at 687). In addition, where a guilty plea is involved, the defendant must prove "a reasonable probability [exists] that, but for counsel's errors, [the

defendant] would not have [pleaded] guilty and would have insisted on going to trial." State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009) (second alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)).

As Judge Mantineo correctly found, defendant's PCR petition is time-barred pursuant to Rule 3:22-12(a)(1)(A). The rule requires petitions for PCR to be brought within five years of the date of the judgment of conviction unless "it alleges facts showing that the delay beyond said time was due to defendant's excusable neglect and that there is a reasonable probability that if the defendant's factual assertions were found to be true enforcement of the time bar would result in a fundamental injustice . . . ." R. 3:22-12(a)(1)(A). PCR is not a substitute for direct appeal, and its various procedural bars work to further the public policy of promoting finality in judicial proceedings. State v. Peoples, 446 N.J. Super. 245, 254 (App. Div. 2016) (quoting State v. Echols, 199 N.J. 344, 357 (2009)). The five-year time bar "should be relaxed only 'under exceptional circumstances' because '[a]s time passes, justice becomes more elusive and the necessity for preserving finality and certainty of judgments increases.'" State v. Goodwin, 173 N.J. 583, 594 (2002) (alteration in original) (quoting State v. Afanador, 151 N.J. 41, 52 (1997)). "[T]he extent and cause of the delay, the prejudice to the State, and the importance of the petitioner's claim" should be

considered in analyzing whether injustice would occur sufficient to loosen Rule 3:22-12(a)(1)(A)'s time bar.  Goodwin, 173 N.J. at 594 (quoting Afanador, 151 N.J. at 52).

Defendant was required to file his PCR petition by October 13, 2010, five years from the date of the judgment of conviction.  Defendant filed his PCR petition on December 23, 2022, over twelve years after the deadline expired.  Despite this, he argues his neglect in filing the petition was excusable and the interests of justice permit delay due to prior counsel's failure to advise him of the immigration repercussions of his plea.

As aptly noted by Judge Mantineo, defendant has not demonstrated excusable neglect exists or that fundamental injustice would result if the time bar is enforced.  There are no exceptional circumstances present to justify evading the strong policy favoring finality and certainty in criminal judgments.  See Goodwin, 173 N.J. at 594.  Defendant concedes he was made aware of the immigration consequences of his plea by the trial judge.  Furthermore, his claim that he was not advised the conviction would prevent him from becoming a United States citizen until 2022 cannot establish the compelling extenuating circumstances necessary to expand the time bar.

A-2913-22

Defendant never filed a direct appeal. His guilty plea was entered five years before Padilla v. Kentucky, 559 U.S. 356, 374 (2010) that recognized a pleading defendant's right to be apprised of immigration consequences, which has only prospective effect. State v. Antuna, 446 N.J. Super. 595, 600 (App. Div. 2016). Moreover, he concedes he was told of deportation consequences and represented he had consulted with several immigration attorneys over the course of the intervening years, but did not file the PCR until 2022.

To the extent we have not addressed defendant's remaining arguments on appeal, we find they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION